## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Leon Henry Carter, III,

Plaintiff,

v.

Duane Quam, Bruce Anderson, Tom Roy,
Bruce Reiser, State of Minnesota, and
Minnesota Department of Corrections,

Defendants.

Case No. 19-CV-0670 (NEB/HB)


**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Leon Henry Carter, III's Complaint

[Doc. No. 1]. In a separate order filed contemporaneously with this Report and

Recommendation, this Court granted Carter's Application to Proceed in District Court

Without Prepaying Fees or Costs [Doc. No. 2]. Under 28 U.S.C. § 1915(e)(2)(B)(iii),

"[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the

court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . seeks monetary relief against a defendant who is immune from such relief."

For the reasons discussed below, the Court recommends the dismissal from this action of

Defendants State of Minnesota, the Minnesota Department of Corrections (MNDOC),

Duane Quam, and Bruce Anderson.

Carter alleges that he suffered a back injury in June 2010 while using an exercise

machine at the Minnesota Correctional Facility in Rush City (MCF–Rush City). (Compl.

at 6.) Furthermore, he alleges that in July 2011, he was injured while working as an

"inmate employee." (*Id.* at 13–15.)  Much of the Complaint presents allegations about how various individuals associated with the State of Minnesota or the Minnesota Department of Corrections bear responsibility for these injuries (either directly or due to institutional policies) or failed to appropriately treat Carter after the injuries. (*See id.* at 6–35.)

As a threshold matter, however, principles of state sovereign immunity bar Carter from suing the State of Minnesota in federal court.  Under the U.S. Constitution's Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ."  Notwithstanding the use here of "another State," Eleventh Amendment precedents also establish that "'an unconsenting State is immune from suits brought in federal courts *by her own citizens* as well as by citizens of another state.'" *Fryberger v. Univ. of Ark.*, 889 F.3d 471, 473 (8th Cir. 2018) (quoting *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)).  The State of Minnesota is thus immune from suit by Carter in federal court.[1]  Where the Eleventh Amendment makes a state immune from suit, claims against that state must be dismissed. *See, e.g.*, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996); *Turner v. Minn.*, No. 16-CV-3962 (JRT/FLN), 2017 WL 9249432, at *3 (D. Minn. June 7, 2017), *R. & R.*

---

[1] A state can waive its sovereign immunity; furthermore, the U.S. Congress can abrogate state sovereign immunity.  *See, e.g.*, *Portz v. St. Cloud St. Univ.*, 297 F. Supp. 3d 929, 937–38 (D. Minn. 2018) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–56 (1996); *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 800 (8th Cir. 2002)).  But Carter nowhere alleges that either circumstance applies here, nor is the Court aware of any relevant waiver or abrogation.

*adopted*, 2017 WL 5513629 (D. Minn. Nov. 17, 2017).  The Court thus recommends the

dismissal of Carter's claims against the State of Minnesota.

The same analysis undercuts Carter's claims against the MNDOC.  The MNDOC

is a department of the State of Minnesota, *see* Minn. Stat. § 241.01, so the State's

Eleventh Amendment sovereign immunity extends to it as well, *see, e.g.*, *Jackson v.*

*Dayton*, No. 17-CV-880 (WMW/TNL), 2018 WL 4473403, at *14 (D. Minn. Apr. 2,

2018) (citing cases), *R. & R. adopted*, 2018 WL 3696600 (D. Minn. Aug. 3, 2018);

*Hanks v. Hills*, No. 15-CV-4275 (JNE/DTS), 2017 WL 10243524, at *1 (D. Minn. Oct.

11, 2017), *R. & R. adopted*, 2017 WL 10243525 (D. Minn. Nov. 27, 2017).  As a result,

the Court thus recommends the dismissal of Carter's claims against the MNDOC.

The Court also recommends dismissal of the Complaint's claims against Anderson

and Quam, based on principles of legislative immunity.  Anderson is a Minnesota state

senator, and Quam is a Minnesota state representative; they are the co-chairs of

Minnesota's Joint House/Senate Subcommittee on Claims (Claims Subcommittee).  (*See*

Compl. 4.)  That subcommittee "hear[s] and recommend[s] to the [Minnesota

Legislature] whether or not to pay claims against the state by various persons who cannot

proceed against the state under the State Tort Claims Act," and "also handles other claims

that cannot be litigated."  Minn. Legislature, Joint House-Senate Subcommittee on

Claims, *available at* https://www.commissions.leg.state.mn.us/claims/index.html (last

accessed May 17, 2019).

Carter alleges that after he filed a personal injury claim with the MNDOC in

March 2015, the MNDOC referred the claim to the Claims Subcommittee.  (*See* Compl.

3

CASE 0:19-cv-00670-NEB-HB    Doc. 5    Filed 05/20/19    Page 4 of 6

22.)  The subcommittee recommended that "no compensation be awarded to [Carter]."

(*Id.*)  Carter claims that Quam and Anderson "had a definite duty without discretion

according to statute[2] to approve Carter's injury claim because of Carter's permanent

injury sustained while in the performance of work duties."  (*Id.* at 23.)  Among Carter's

causes of action is a claim for "specific performance" in which he alleges that Anderson's

and Quam's refusal to approve his personal-injury claim violated their statutory duties.

(*Id.* at 44.)  Carter wants this Court, among other things, to issue an order compelling

Anderson and Quam to approve Carter's personal injury claim.  (*See id.* at 46.)

Carter's claims against Anderson and Quam may not proceed.  "It is well

established that federal, state, and regional legislators are entitled to absolute immunity

from civil liability for their legislative activities."  *Bogan v. Scott-Harris*, 523 U.S. 44, 46

(1998); *see also Church v. Missouri*, 913 F.3d 736, 751 (8th Cir. 2019) ("'[S]tate

legislators enjoy common-law immunity from liability for their legislative acts.'"

(quoting *Supreme Court of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 732

(1980)).  This rule straightforwardly bars Carter's claims against Anderson and Quam.

Carter attempts to avoid this conclusion by characterizing Anderson's and Quam's

duties with respect to his personal injury claim as "ministerial."  (*See, e.g.*, Compl. at 44

("[Quam's] and [Anderson's] decisions with respect to [Carter's] claim were made on a

ministerial basis.").  It is true that legislators' immunity does not extend to acts reflecting

---

[2] The statute at issue here is purportedly Minn. Stat. § 3.738, under which "[c]laims and demands arising out of injury to . . . an inmate of a state correctional facility while performing assigned duties shall be presented to, heard, and determined by the legislature."

4

ministerial duties as opposed to legislative ones.  *See Bogan*, 523 U.S. at 51–52; *Union Pac. R. Co. v. St. Louis Marketplace, Ltd. P'ship*, 212 F.3d 386, 390 (8th Cir. 2000).  The question, then, is whether Anderson's and Quam's responsibilities on the Claims Subcommittee—at least with respect to deciding whether to compensate Carter for his personal injury claim—were ministerial or legislative.

"Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it."  *Bogan*, 523 U.S. at 54.  More specifically, actions reflecting "a discretionary, policymaking decision implicating the budgetary priorities" of the state "fall[] within the sphere of legislative activity."  *Id.* at 55–56; *see also Young v. Mercer Cty. Comm'n*, 849 F.3d 728, 733–34 (8th Cir. 2017) (quoting *Bogan*).  Here, the Court has little trouble concluding that Anderson's and Quam's decision, as part of a legislative subcommittee, whether to compensate Carter for his personal injury claim is legislative in character.  Nothing in the relevant statute suggests that the Claims Subcommittee was required to compensate Carter; the matter appears plainly left to the subcommittee's discretion.  Furthermore, there can be little question that decisions made by the Claims Subcommittee implicate state budgetary priorities; under the statute, when the claims subcommittee decides to pay a claim, the monies used come from the state's own treasury.  *See* Minn. St. § 3.738(2) ("Claims that are approved under this section shall be paid pursuant to legislative appropriation . . . .").

In summary, then, Carter's attempt to characterize Anderson's and Quam's relevant conduct as ministerial fails.  Absolute immunity applies, and so the Court recommends that the Complaint's claims against Anderson and Quam be dismissed.

Based on the foregoing, and on all of the files, records, and proceedings herein**, IT IS HEREBY RECOMMENDED THAT** Defendants State of Minnesota, Minnesota Department of Corrections, Bruce Anderson, and Duane Quam be dismissed from this action with prejudice.

Dated: May 20, 2019                          s/ *Hildy Bowbeer*
                                             Hildy Bowbeer
                                             United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).